IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COMCAST CABLE COMMUNICATIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| L3HARRIS TECHNOLOGIES, INC. and HARRIS GLOBAL COMMUNICATIONS, INC., | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## OF PATENT NON-INFRINGEMENT

Plaintiff Comcast Cable Communications, LLC ("Comcast"), by and through its attorneys, hereby alleges against Defendants L3Harris Technologies, Inc. ("L3Harris Tech") and Harris Global Communications Inc. ("HGC") (collectively "L3Harris") as follows:

### NATURE OF THE ACTION

1. This declaratory-judgment action seeks a determination that Comcast does not infringe any claims of United States Patent Nos. 7,027,426 B2 (the "'426 Patent"), 6,718,394 B2 (the "'394 Patent"), 7,453,864 B2 (the "'864 Patent"), 6,980,537 B1 (the "'537 Patent"), 6,958,986 B2 (the "'986 Patent"), 7,304,972 B2 (the "'972 Patent"), 6,870,846 (the "'846 Patent"), 7,382,765 (the "'765 Patent"), 6,754,192 (the "'192 Patent"), 7,440,572 B2 (the "'572 Patent"), 7,606,256 B2 (the "'256 Patent"), 6,404,756 B1 (the "'756 Patent"), 6,349,091 B1 (the "'091 Patent"), 6,961,310 B2 (the "'310 Patent"), and 7,082,117 B2 (the "'117 Patent") (collectively "the L3Harris Patents").

## THE PARTIES

2.      Comcast is a limited liability company organized and existing under Delaware law, with a principal place of business in Philadelphia, Pennsylvania.

3.      On information and belief, L3Harris is a Delaware corporation with its principal place of business in Melbourne, Florida.

4.      On information and belief, HGC is a New York corporation with its principal place of business in Rochester, New York.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Comcast's claims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  With respect to Comcast's declaratory-judgment claims, for the reasons set forth herein, there is a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment regarding the alleged infringement, or not, of the L3Harris Patents.

6.      This Court has personal jurisdiction over L3Harris.  On information and belief, L3Harris Tech is a corporation organized and existing under the laws of the state of Delaware, maintains a registered agent for service of process in this forum, and has continuous and systematic contacts with this forum.  On information and belief, HGC has assigned to L3Harris Tech, a Delaware corporation, all substantial rights—including but not limited to the right to monetize, license, enforce in court and control litigation—in the L3Harris Patents that are recorded as assigned to HGC.  Alternatively, on information and belief, HGC and L3Harris Tech have entered into an agreement whereby L3Harris Tech, a Delaware corporation, is acting as HGC's agent for purposes of the monetization, licensing, enforcement in court and control of

2

litigation concerning the L3Harris Patents that are recorded as assigned to HGC.  With respect to those patents, L3Harris Tech has held itself out to Comcast as having all substantial rights and the right to act as HGC's agent with respect to the allegations of infringement and threatened enforcement of those patents.

7.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

### I.      The L3Harris Patents

8.      On information and belief, L3Harris owns and/or controls all substantial rights in the '426 Patent, which is entitled "Multi-channel Mobile Ad Hoc Network" and which issued on April 11, 2006.  A true and correct copy of the '426 Patent is attached as **Exhibit A** to this Complaint.

9.      On information and belief, L3Harris owns and/or controls all substantial rights in the '394 Patent, which is entitled "Hierarchical Mobile Ad-Hoc Network and Methods for Performing Reactive Routing Therein Using Ad-Hoc On-Demand Distance Vector Routing (AODV)" and which issued on April 6, 2004.  A true and correct copy of the '394 Patent is attached as **Exhibit B** to this Complaint.

10.     On information and belief, L3Harris owns and/or controls all substantial rights in the '864 Patent, which is entitled "Predictive Route Maintenance In a Mobile Ad Hoc Network" and which issued on November 18, 2008.  A true and correct copy of the '864 Patent is attached as **Exhibit C** to this Complaint.

11.     On information and belief, L3Harris owns and/or controls all substantial rights in the '537 Patent, which is entitled "Method and Apparatus for Communication Network Cluster Formation and Transmission of Node Link Status Messages with Reduced Protocol Overhead

Traffic" and which issued on December 27, 2005.  A true and correct copy of the '537 Patent is attached as **Exhibit D** to this Complaint.

12.     On information and belief, L3Harris owns and/or controls all substantial rights in the '986 Patent, which is entitled "Wireless communication system with enhanced time slot allocation and interference avoidance/mitigation features and related methods" and which issued on October 25, 2005.  A true and correct copy of the '986 Patent is attached as **Exhibit E** to this Complaint.

13.     On information and belief, L3Harris owns and/or controls all substantial rights in the '972 Patent, which is entitled "Method and device for establishing communication links and handling unbalanced traffic loads in a communication system" and which issued on December 4, 2007.  A true and correct copy of the '972 Patent is attached as **Exhibit F** to this Complaint.

14.     On information and belief, L3Harris owns and/or controls all substantial rights in the '846 Patent, which is entitled "Hierarchical mobile ad-hoc network and methods for performing reactive routing therein using dynamic source routing (DSR)," and which issued on March 22, 2005.  A true and correct copy of the '846 Patent is attached as **Exhibit G** to this Complaint.

15.     On information and belief, L3Harris owns and/or controls all substantial rights in the '765 Patent, which is entitled "Predictive routing in a mobile ad-hoc network," and which issued on June 3, 2008.  A true and correct copy of the '765 Patent is attached as **Exhibit H** to this Complaint.

16.     On information and belief, L3Harris owns and/or controls all substantial rights in the '192 Patent, which is entitled "Temporal transition network protocol (TTNP) in a mobile ad

hoc network," and which issued on June 22, 2004.  A true and correct copy of the '192 Patent is attached as **Exhibit I** to this Complaint.

17.     On information and belief, L3Harris owns and/or controls all substantial rights in the '572 Patent, which is entitled "Secure Wireless LAN Device and Associated Methods," and which issued on October 21, 2008.  A true and correct copy of the '572 Patent is attached as **Exhibit J** to this Complaint.

18.     On information and belief, L3Harris owns and/or controls all substantial rights in the '256 Patent, which is entitled "Distributed Trunking Mechanism for VHF Networking," and which issued on October 20, 2009.  A true and correct copy of the '256 Patent is attached as **Exhibit K** to this Complaint.

19.     On information and belief, L3Harris owns and/or controls all substantial rights in the '756 Patent, which is entitled "Methods and Apparatus for Coordinating Channel Access to Shared Parallel Data Channels," and which issued on June 11, 2002.  A true and correct copy of the '756 Patent is attached as **Exhibit L** to this Complaint.

20.     On information and belief, L3Harris owns and/or controls all substantial rights in the '091 Patent, which is entitled "Method and Apparatus for Controlling Communication Links Between Network Nodes to Reduce Communication Protocol Overhead Traffic," and which issued on February 19, 2002.  A true and correct copy of the '091 Patent is attached as **Exhibit M** to this Complaint.

21.     On information and belief, L3Harris owns and/or controls all substantial rights in the '310 Patent, which is entitled "Multiple Path Reactive Routing in a Mobile Ad Hoc Network," and which issued on November 1, 2005.  A true and correct copy of the '310 Patent is attached as **Exhibit N** to this Complaint.

22. On information and belief, L3Harris owns and/or controls all substantial rights in the '117 Patent, which is entitled "Mobile Ad-Hoc Network with Intrusion Detection Features and Related Methods," and which issued on July 25, 2006. A true and correct copy of the '117 Patent is attached as **Exhibit O** to this Complaint.

## II.    The Disputed Technologies

23. In a series of pre-suit communications (discussed below), L3Harris, through its agent David Barnes ("Barnes"), alleged that the L3Harris Patents cover aspects of several open and/or public protocols, including Zigbee, Bluetooth Low Energy (BLE), IEEE 802.11e and 802.11ac, and Thread (hereinafter the "Accused Networking Protocols"), as used in Internet of Things ("IoT") devices.

24. L3Harris accuses Comcast of infringing the L3Harris Patents based on the purported operation and capabilities of Comcast's IoT devices that allegedly use the Accused Networking Protocols (hereinafter the "Accused Products").

25. The Accused Products were not developed by L3Harris. To the contrary, the Accused Products were developed in conjunction with Comcast, its equipment vendors, and/or various technology partners.

26. On information and belief, L3Harris was not involved in developing any of the Accused Networking Protocols. In general, as relevant to this dispute, the Accused Networking Protocols allow IoT devices—such as home-security, entertainment, and other "smart-home" systems—to communicate with one another efficiently and inexpensively. The technology underlying each protocol was developed through the efforts of multiple companies operating through alliances and organizations around the world. Comcast, for instance, has participated as a promoter in the Zigbee Alliance. Zigbee is a networking solution for IoT devices that allows

low-power smart objects and products from many different vendors to work together. On information and belief, L3Harris is not a member of the Zigbee Alliance.

27.     Similarly, BLE is a "low energy" version of Bluetooth that was first introduced in 2004 and specifically developed for IoT devices. BLE is developed and maintained by the Smart Home Subgroup of the Bluetooth Special Interest Group. The Subgroup is a consortium of more than sixty member companies. Although the Subgroup's full membership does not appear to be publicly available, upon information and belief, L3Harris is not a member and has never contributed to BLE's development.

28.     Thread is developed and maintained by the Thread Group, an organization of over one-hundred members whose board is comprised of representatives from, among other organizations, Google, Qualcomm, and Apple. On information and belief, L3Harris is not a member of the Thread Group.

29.     The 802.11e and 802.11ac protocols are amendments to the IEEE 802.11 protocol, the world's most widely used wireless networking standard. IEEE 802.11 is used, for example, by Wi-Fi in most home and office networks to allow laptops, printers, and smartphones to talk to each other and access the Internet without connecting wires. The 802.11e amendment offers a set of enhancements for wireless applications and is of critical importance for delay-sensitive applications, such as streaming multimedia. 802.11ac makes Wi-Fi work substantially faster on common consumer devices. These standards are created and maintained by the LAN/MAN Standards Committee (IEEE 802) of the Institute of Electrical and Electronics Engineers (IEEE), the world's largest technical professional organization for the advancement of technology. The IEEE 802.11 Working Group is comprised of representatives from

organizations such as Intel, Sony, and Google. On information and belief, L3Harris not a member of the 802.11 Working Group.

30. Comcast is a member of the Wi-Fi Alliance, a non-profit organization that promotes Wi-Fi technology and certifies Wi-Fi products for conformity to certain standards of interoperability. The Wi-Fi Alliance's efforts include certification programs for 802.11e and 802.11ac, among other standards. L3Harris is not a member of the Wi-Fi Alliance.

**III.    L3Harris's Threats Regarding Alleged Infringement of the L3Harris Patents**

31. Beginning in May 2018, Barnes, holding himself out as a representative of Harris Corporation ("Harris")[1] contacted Comcast stating that Comcast required a patent license from Harris for certain Accused Products. Barnes represented, and continues to represent, himself as "Managing Director" of North Forty Consulting LLC, which, upon information and belief, is a Delaware limited liability company. Since May 2018, Comcast has engaged in an extended dialogue with Barnes and directly with L3Harris, explaining that Comcast does not practice the asserted L3Harris Patents and therefore does not need a license.

32. Since the summer of 2018, Harris (and then L3Harris), through its agent Barnes, identified over twenty patents that it believed Comcast should license. These included, in a first wave, United States Patent Nos. 6,980,537; 7,027,426; 7,184,421; 7,082,117; 6,718,394; 6,961,310; 6,958,986; 6,349,091; 7,440,572; and 6,606,357, as well as two European patents. And in April 2019, L3Harris identified another patent, No. 6,982,987. Comcast responded to these assertions first with a letter dated April 1, 2019, and then with an email dated May 13, 2019, explaining why Comcast did not infringe any of these patents and thus a license was not necessary. In addition, Comcast met with L3Harris on June 26, 2019, to afford L3Harris the

---

[1]    Harris Corporation merged with L3 Technologies in 2019 to become L3Harris Technologies, the named defendant here.

opportunity of further explaining why Comcast needed a license to these patents. L3Harris's presentation was no more convincing or clarifying than its written allegations, which were both vague and mistaken in their understanding of the Accused Products and the reasonable scope of the patents.

33.     Without providing any further evidence of alleged infringement, in August and September 2019, L3Harris notified Comcast that it had failed to significantly engage with L3Harris, and provided a chart of additional infringement contentions and a summary of infringement contentions at issue to-date. In addition to reiterating past assertions[2], L3Harris identified the following new patents: U.S. Patent Nos. 6,996,088; 7,606,256; 6,404,756; 6,804,208; 7,142,866; 6,870,846; 6,754,192; and 7,382,765. In late October 2019, L3Harris identified two more U.S. Patents: Nos. 7,453,864 and 7,304,972. Again, Comcast explained in correspondence (dated November 13) why Comcast did not infringe these patents and thus a license was not necessary. L3Harris responded by reiterating its contention that "Comcast branded products from 2012 to the present have infringed and continue to infringe one or more claims of at least [the L3Harris Patents]." As Comcast has communicated to L3Harris, most recently by letter dated December 6, it remains Comcast's position that, among other things, Comcast does not practice the L3Harris Patents and therefore Comcast does not need to license any rights from L3Harris. L3Harris maintains that Comcast's Accused Products infringe one or more of the L3Harris Patents. Accordingly, there is a substantial and immediate controversy between the parties with regard to whether the Accused Products infringe the L3Harris Patents.

34.     Comcast, directly and through operating subsidiaries, has operated, marketed, and/or sold one or more of the accused products and services, and will continue to operate, market, and/or sell one or more of the Accused Products in various markets across the United

---

[2]     L3Harris withdrew from consideration two patents it had initially identified.

States, including in this district.  Given this substantial and immediate controversy, Comcast

seeks declaratory relief from this Court concerning its non-infringement of the L3Harris Patents.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '426 Patent)

35.     Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though

fully set forth in this Paragraph.

36.     As set forth above, L3Harris contends that Comcast's making, using, offering to

sell, selling, or importing of Comcast branded XB6 Wireless Gateways infringes one or more

claims of the '426 Patent.

37.     Comcast has not infringed and is not currently infringing—whether directly or

indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any

claim of the '426 Patent, including through its XB6 Wireless Gateway products accused in

L3Harris's communications with Comcast.  For example, L3Harris asserts that Comcast's XB6

Wireless Gateways supporting Thread personal area networks infringe claim 8.  But the accused

XB6 Wireless Gateway products do not satisfy at least the claim limitation in claim 8 of "at a

source node, sending a route request over each of the plurality of electrically separate channels to

discover routing to a destination node" and "selecting a route to the destination node on at least

one of the plurality of electrically separate channels."  Comcast's  XB6 Wireless Gateway

products do not include a source node that sends a route request over multiple electrically

separate channels to discover routing to a destination node in the manner required by the claim,

nor do they select a route on one of the plurality of electrically separate channels.

38.     Accordingly, an actual and justiciable controversy has arisen and exists between

Comcast and L3Harris relating to the non-infringement of the '426 Patent.  Comcast seeks a

judicial determination and declaration of the respective rights and duties of the parties herein.

Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

### SECOND CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '394 Patent)**

39.     Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

40.     As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of Comcast branded Home Security and Home Automation products and services infringes one or more claims of the '394 Patent.

41.     Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '394 Patent, including through its Home Security and Home Automation products accused in L3Harris's communications with Comcast.  For example, L3Harris asserts that Comcast's Home Security and Home Automation systems supporting Zigbee personal area networks infringe claim 25.  But the accused products do not satisfy at least the limitation of claim 25 of "a plurality of nodes grouped into clusters of nodes, each cluster having a designated cluster leader node."  Comcast's accused Home Security and Home Automation products do not include nodes that are grouped into clusters of nodes, and likewise they do not include a designated cluster leader node in the manner required by the claim.

42.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '394 Patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '864 Patent)

43.     Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

44.     As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of Comcast branded Home Security and Home Automation products and services infringes one or more claims of the '864 Patent.

45.     Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '864 Patent, including through its Home Security and Home Automation products accused in L3Harris's communications with Comcast.   For example, L3Harris asserts that Comcast's Home Security and Home Automation systems supporting Zigbee personal area networks infringe claim 1.   But the accused Home Security and Home Automation products do not satisfy at least the limitation of claim 1 of "predicting route failure in the network by generating route failure metrics including link failure metrics and node failure metrics for each route" and "performing route maintenance in the network based upon the predicted route failure."   Comcast's Home Security and Home Automation products do not predict route failure in the network in the manner required by the claims, nor do they perform route maintenance based upon predicted route failure.

46.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '864 Patent.   Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '537 Patent)

47.     Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

48.     As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of Comcast branded Home Security and Home Automation products and services infringes one or more claims of the '537 Patent.

49.     Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '537 Patent, including through its Home Security and Home Automation products accused in L3Harris's communications with Comcast.   For example, L3Harris asserts that Comcast's Home Security and Home Automation systems supporting Zigbee personal area networks infringe claim 16.  But the accused Home Security and Home Automation products do not satisfy at least the limitation of claim 16 of "identifying neighboring units that are isolated from communications with remaining neighboring units of said communication unit" and "designating said communication unit as said routing unit in response to determining that said communication unit communicates with at least one neighboring unit that is isolated from communications with remaining neighboring units of said communication unit."  Comcast's Home Security and Home Automation products do not identify isolated neighboring units in the manner required by the claims, nor do they designate certain units as routing units based on such an identification.

50.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '537 Patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein.

Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## FIFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '986 Patent)

51.     Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

52.     As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of Comcast branded Home Security and Home Automation products and services infringes one or more claims of the '986 Patent.

53.     Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '986 Patent, including through its Home Security and Home Automation products accused in L3Harris's communications with Comcast.  For example, L3Harris asserts that that Comcast's Home Security and Home Automation products supporting Zigbee personal area networks infringe claim 25.  But the accused Home Security and Home Automation products do not satisfy at least the limitations of claim 25 of "scheduling respective semi-permanent time slots to establish communication links between respective pairs of mobile nodes for transmitting data stored in the data queues therebetween"; "determining link utilization metrics for each communication link based upon a quantity of data previously sent over the communication link during the semi-permanent time slots and the data queues"; and "scheduling demand assigned time slots for establishing additional communication links between the pairs of mobile nodes for transmitting the data based upon the link utilization metrics."  Comcast's Home Security and Home Automation products do not assign "semi-permanent" time slots in the manner required by the claims, nor do they determine link utilization metrics or establish additional communication

links based on "a quantity of data previously sent over the communication link during the semi-permanent time slots."

54.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '986 Patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

**SIXTH CLAIM FOR RELIEF**
**(Declaratory Judgment of Non-Infringement of the '972 Patent)**

55.     Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

56.     As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of Comcast branded XB6 Wireless Gateways infringes one or more claims of the '972 Patent.

57.     Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '972 Patent, including through its XB6 Wireless Gateway products accused in L3Harris's communications with Comcast.   For example, L3Harris has contended that Comcast's XB6 Wireless Gateways supporting 802.11ac infringe claim 21.  But the accused XB6 Wireless Gateway products do not satisfy at least the limitations of claim 21 of "a mobile node for a wireless communication network" including "a directional antenna" and "a time slot scheduling unit to schedule time slots to establish a communication link with neighboring mobile nodes."  Comcast's XB6 Wireless Gateway products do not use either a time-slot scheduling unit or directional antennas as required by the claim.

58. Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '972 Patent. Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration are necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '846 Patent)

59. Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

60. As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of Comcast branded Home Security and Home Automation products and services infringes one or more claims of the '846 Patent.

61. Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '846 Patent, including through its Home Security and Home Automation products accused in L3Harris's communications with Comcast. For example, L3Harris asserts that Comcast's Home Security and Home Automation products supporting Zigbee personal area networks infringe claim 29. But the accused Home Security and Home Automation products do not satisfy at least the limitations of claim 29 of "a plurality of nodes grouped into clusters of nodes, each cluster node having a designated cluster leader node." Comcast's Home Security and Home Automation products do not group nodes into clusters, each cluster having a designated cluster leader node, as required by the claim.

62. Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '846 Patent. Comcast seeks a

judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

### EIGHTH CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '765 Patent)**

63.     Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

64.     As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of Comcast branded Home Security and Home Automation products and services infringes one or more claims of the '765 Patent.

65.     Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '986 Patent, including through its Home Security and Home Automation products accused in L3Harris's communications with Comcast.   For example, L3Harris asserts that Comcast's Home Security and Home Automation products supporting Zigbee personal area networks infringe claim 1.  But the accused Home Security and Home Automation products do not satisfy at least the limitations of claim 1 of "predicting future-needed routes in the network, a route comprising a set of wireless communication links and mobile nodes from a source to a destination."  Comcast's Home Security and Home Automation products do not predict future-needed routes as required by the claim.

66.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '765 Patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein.

Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

### NINTH CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '192 Patent)**

67.    Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

68.    As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of Comcast branded Home Security and Home Automation products and services infringes one or more claims of the '192 Patent.

69.    Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '192 Patent, including through its Home Security and Home Automation products accused in L3Harris's communications with Comcast.   For example, L3Harris asserts that Comcast's Home Security and Home Automation products supporting Zigbee personal area networks infringe claim 1.   But the accused Home Security and Home Automation products do not satisfy at least the limitations of claim 1 of "predicting route stability over time based on the route stability information."   Comcast's Home Security and Home Automation products do not predict route stability as required by the claims.

70.    Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '192 Patent.   Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## TENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '572 Patent)

71.     Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

72.     As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of XB6 Wireless Gateways infringes one or more claims of the '572 Patent.

73.     Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '572 Patent, including through its XB6 Wireless Gateway products accused in L3Harris's communications with Comcast.  For example, L3Harris asserts that Comcast's XB6 Wireless Gateways supporting Bluetooth Low Energy infringe claim 1.  But the accused XB6 Wireless Gateways do not satisfy at least the limitation of claim 1 of "a cryptography circuit . . . for encrypting both address and data information for transmission by at least adding a plurality of encrypting bits to both the address and the data information, and for decrypting both the address and the data information upon reception."  Comcast's XB6 Wireless Gateway products do not encrypt and decrypt both address and data information in the manner required by the claim.

74.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '572 Patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## ELEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '256 Patent)

75.    Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

76.    As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of XB6 Wireless Gateways infringes one or more claims of the '256 Patent.

77.    Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '256 Patent, including through its XB6 Wireless Gateway products accused in L3Harris's communications with Comcast.  For example, L3Harris asserts that Comcast's XB6 Wireless Gateways supporting Bluetooth Low Energy infringe claim 1. But the XB6 Wireless Gateways do not satisfy at least the limitation of claim 1 of "a plurality of radio channels including a control channel and a plurality of data channels . . . ."  Comcast's XB6 Wireless Gateway products do not employ a plurality of data channels and a separate control channel in the manner required by the claim.

78.    Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '256 Patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## TWELFTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '756 Patent)

79.   Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

80.   As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of the XB6 Wireless Gateways infringes one or more claims of the '756 Patent.

81.   Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '756 Patent, including through its XB6 Wireless Gateway products accused in L3Harris's communications with Comcast.  For example, L3Harris asserts that Comcast's XB6 Wireless Gateways supporting Bluetooth Low Energy infringe claim 22.  But the accused XB6 Wireless Gateways do not satisfy at least the limitation of claim 22 of "at least one of said primary and secondary receivers being tunable to a reservation channel to monitor channel access reservation messages that are exchanged between nodes on the reservation channel . . . ."  Comcast's XB6 Wireless Gateway products do not employ a reservation channel or primary and secondary receivers tunable to such a channel in the manner required by the claim.

82.   Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '756 Patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## THIRTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '091 Patent)

83.     Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

84.     As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of the XB6 Wireless Gateways infringes one or more claims of the '091 Patent.

85.     Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '091 Patent, including through its XB6 Wireless Gateway products accused in L3Harris's communications with Comcast.  For example, L3Harris asserts that Comcast's XB6 Wireless Gateways supporting Bluetooth infringe claim 19.   But the accused XB6 Wireless Gateways do not satisfy at least the limitation of claim 19 of "examining network connectivity and determining particular communication links associated with said communication unit sufficient to enable transmission of a control message over said network to each corresponding unit within a predetermined quantity of hops . . . ."  Comcast's XB6 Wireless Gateway products do not determine particular communication links associated with a communication unit to enable transmission of a control message to each unit within a predetermined quantity of hops in the manner required by the identified claim.

86.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '091 Patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein.  Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

## FOURTEENTH CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '310 Patent)

87.     Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

88.     As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of XB6 Wireless Gateways infringes one or more claims of the '310 Patent.

89.     Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '310 Patent, including through its XB6 Wireless Gateway products accused in L3Harris's communications with Comcast.  For example, L3Harris asserts that Comcast's XB6 Wireless Gateways supporting Thread infringe claim 1.   But the accused XB6 Wireless Gateways do not satisfy at least the limitation of claim 1 of "at the source node, ranking the discovered routes according to at least one link metric" and "distributing the message data to the destination node along the plurality of discovered routes."  L3Harris also asserts that Comcast's XB6 Wireless Gateways supporting Bluetooth Low Energy infringe claim 13.  But the accused products do not satisfy at least the limitations of claim 13 of "at the source node, ranking discovered routes according to at least one link metric" and "at the source node, simultaneously distributing the message data to the destination node along a plurality of discovered routes based upon the ranking."  Comcast's XB6 Wireless Gateway products do not include a source node that ranks discovered routes according to at least one link metric, or that distributes message data to a destination node simultaneously along a plurality of discovered routes in the manner required by the identified claims.

90.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '310 Patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

### FIFTEENTH CLAIM FOR RELIEF
**(Declaratory Judgment of Non-Infringement of the '117 Patent)**

91.     Comcast incorporates by reference Paragraphs 1 through 34, inclusive, as though fully set forth in this Paragraph.

92.     As set forth above, L3Harris contends that Comcast's making, using, offering to sell, selling, or importing of XB6 Wireless Gateways infringes one or more claims of the '117 Patent.

93.     Comcast has not infringed and is not currently infringing—whether directly or indirectly, contributorily or by inducement, literally or under the doctrine of equivalents—any claim of the '117 Patent, including through its XB6 Wireless Gateway products accused in L3Harris's communications with Comcast.  For example, L3Harris asserts that Comcast's XB6 Wireless Gateways supporting Thread infringe claim 41.   But the accused XB6 Wireless Gateways do not satisfy at least the limitations of claim 41 of "a mobile ad hoc network," "monitoring transmissions among the plurality of nodes to detect failed attempts to authenticate MAC addresses," and "generating an intrusion alert based upon detecting a number of failed attempts to authenticate a MAC address."  Comcast's XB6 Wireless Gateway products do not, for example, generate an intrusion alert based upon detecting a number of failed attempts to authenticate a MAC address in the manner required by the claim.

94.     Accordingly, an actual and justiciable controversy has arisen and exists between Comcast and L3Harris relating to the non-infringement of the '117 Patent.  Comcast seeks a judicial determination and declaration of the respective rights and duties of the parties herein. Such a determination and declaration is necessary and appropriate at this time to enable the parties to ascertain their respective rights and duties.

### JURY DEMAND

95.     Comcast requests a jury trial for all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Comcast respectfully requests that this Court enter judgment in its favor and against L3Harris and grant the following relief:

A.     A declaration that Comcast has not infringed, willfully infringed, induced others to infringe, or contributed to the infringement of any claim of the L3Harris Patents;

B.     An award of its reasonable costs; and

C.     Any other and further relief that this Court deems just and equitable.

OF COUNSEL:

Brian L. Ferrall
David Silbert
Matthias Kamber
Ajay Krishnan
Ryan K. Wong
Shayne Henry
Ryan J. Hayward
Deeva V. Shah
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA  94111-1809
(415) 391-5400

December 9, 2019

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
began@mnat.com

*Attorneys for Plaintiff*